5394

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

attached see without prepayment fees form 

Josephine Amatucci  v.  Pulic Defender ..Attorney Dennis P. O'Connor, PLLC

A PERSONAL INJURY LAWSUIT

OF LEGAL MALPRACTICE

JURISDICTION

This cause of action happened in New Hampshire.  The Complaint that is before the Court is under 42 U.S.C. 1983, a civil rights action.

PARTIE'S

Plaintiff....Josephine Amatucci, P. O. Box 272, Wolfeboro Falls, NH 03896.

Defendant....Attorney Dennis P. O'Connor, PLLC in his individual capacity, not as an official under color of law.

RELEVANT FACTS

1.    Attorney Dennis P. O'Connor was NOT ACTING UNDER COLOR OF LAW, in this lawsuit, this case is NOT about a lawyer acting under COLOR OF LAW, this lawsuit is about an ordinary lawyer acting as an INDIVIDUAL, NOT under any official duty as under COLOR OF LAW, a lawsuit under LEGAL MALPRACTICE, a breach of duty, breach of contract, ommissions, trust or confidence resulting in the Plaintiff's damage.  In a scheme to defraud, in misconduct by completely refusing to defend the Plaintiff at the trial.  That his conduct was in reckless disregard of her safety.

1

Proof of the scheme, and success is conclusive.

2. "A fraudulent act is comprised of anything calculated to deceive, including all acts, involving a Breach of Legal or Equitable Duty, trust or confidence justly reposed, resulting in damage to another." Tetuan V. A.H. Robins Co. 241 Kan. 44 Syl, 3 738 P. 2d 1210 (1978); Goven v. Barry, 234 Kans. 721 Syl.8 676 P.2d 90 (1984); Moore v. State Bank of Burden 240 Kan. 382, 389, 729 P.2d 1205 (1986)."

There must be a concealment of facts which the party is under a legal or equitable duty to COMMUNICATE and in repect of which he ....COULD NOT REMAIN SILENT. DuShane v. Union v. Nat'l Bank 223 Kan. at 759. A purpose to prevent the unfairness of extinguishing a right of action. Bricker, 512 a.2d at 1096. His refusal to protect her at the trial, and in doing so caused harm to the Plaintiff. Under misconduct under the Rules of Professional Conduct, that as an officer of the court, as a lawyer, Mr. O'Connor engaged in misconduct when he refused to represent the Plaintiff. That he knowingly functioned partially when he refused to defend the Plaintiff at the trial. Which was a violation of her civil rights. And in doing so caused her to be convicted, a direct cause of her mental and physcal distress and defamation of character.

3. The Plaintiff claims his refusal to protect her at tril was a "deliberately planned and carefully executed scheme to deny her her civil rights. That he was completly successful when he allowed the court to convict her of a crime he knew she never committed. As his lack of actions at trial were to take away her freedom and for her to be held hostage by the court. That they were intentional and forseable that the Plaintiff would lose her right under the Constitution to defend herself against the State. That it was his legal and equitable duty to defend the Plaintiff under the CONTRACT to defend her. That O'Connor knew there was no evidence whatsover at the trial that she committed any crime, and he refused to defend her by not acting at all at trial. That he did not communicate the unlawfulness of the judge's

actions during trial and the judge's conviction for a crime he knew she never committed. That therefore he was conspiring with the judge to have her unlawfully convicted.

4. That O'Connor had a duty to advance all colorable defanses. Fern v. Ackerman 444 U.S. 193, 198 (1978). Denial of the Sixth Amendment right to effective counsel. This is a suit for viable causes of action against Attorney O'Connor. Furbush 149 N.H. at 431, that she suffered harm as a result of the defendants lack of representation of her. And his lack of criminal defense. That she was injured and the cause of her injury was the lace of defense by the Public Defender. That she suffered harm, she was unlawfully convicted, and the harm was caused by the defendant. See Beane v. Dana S. Beane & Co. 160 N.H. 708, 712 (2010).

5. Ineffective assistance of counsel is a right clearly protected under the SIXTH AMENDMENT.

6. The Plaintiff initially fired her Public Defender Attorney O'Connor for having ex-parte communication with the judge before the trial, and he withdrew as counsel. As he communicated with the judge asking the judge to what degree he should defend the Plaintiff, and in doing this after the Plaintiff made it clear to to Attorney O'Connor that he would only serve as a standby counsel, as she would defend herself in court and he would act as a safeguard to her at the trial, defending her as necessary. Yet he appeared at the trial as evidence of ex-parte communication with the judge, when the judge ordered him to remain in court and defend the Plaintiff. Against the wishes of the Plaintiff.

7. The Plaintiff states that her defense by O'Connor was a sham, a mockery, when he refused to Act. Little v. Twomey, 477 F.2d 767, 773 (7th cir. 1973). There was no PROBABLE CAUSE for him to refuse to defend the Plaintiff in court, when during the entire trial

Attorney Dennis P. O'Connor never said one word during the entire trial, that he was silent where there therefore was no defense of the Plaintiff.   He violated his CONTRACT with the Plaintiff to "protect her".   Where the Contract asked for a vigorous performance and duty to defend the Plaintiff.   An Attorney has no Immunity for his misconduct, for inactions, and refusal to protect the Plaintiff's civil rights, protection under the Sixth Amendment. Lawyers are "obligated to vigorously OPPOSE the efforts of the state to convict their clients.   A lawyer is accountable when he does not perform his duties, under the Code of Professional Responsibility.   The Sixth Amendment states:

................"In all criminal prosecutions, the accused shall enjoy the right......to have the assistance of counsel for his defense." 42 U.s.C. 1983 reads in full:

"Every person who, causes to be subjected, any citizen of the United States thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."

8.   Although the Plaintiff fired Counsel O'Connor, he appeared at the trial, even though he agreed that he would withdraw from the case.   He stated that the judge would not let him withdraw so he appeared at the trial.   Even though I protested his appearance at the trial the judge ordered O'Connor to stay and serve as counsel for the Plaintiff.   And judge Greenhalgn made it clear that O'Connor would get PAID for serving as a counsel to the Plaintiff.

9.   Attorney O'Connor did not act as counsel for the Plaintiff at the trial.   As a matter of fact......HE NEVER SPOKE ONE WORD......in defense of the Plaintiff during the entire trial, to defend her,   he never gave her any technical assistance, even though the judge was continuously abusing her and denying her rights to cross examine the state's witnesses,   when Judge Greenhalgn would tell the witnesses, "DON'T ANSWER THAT" when she was cross-examining them.   Or the judge would interrupt the

Plaintiff's examination of facts to the witnesses, would end the examination by abruptly interferring in the conversation so that it would come to an end, instead of the judge allowing the witnesses to answer her interrogatories. As one matter of fact when she asked ....."why was she accused of an Assault" when the police knew there was NO ASSAULT as verified by the alleged victim himself, and his supervisor. O'Connor did not respond in any way, and when the judge convicted the Plaintiff of a crime when there was no evidence during the trial that she committed any crime, no evidence that she committed an Assault on the alleged victim, Attorney O'Connor just stood by, and didn't interact with the judge to defend the Plaintiff when she was continually asking the judge what crime she convicted. When the judge was refusing to respond to her question. That is the judge REFUSED to tell her what crime she committed. O'Connor stood by and never requested that the judge under the law, under due process allow the Plaintiff her right to know what crime she had committed.

10.     As, there was no evidence at the trial that the Plaintiff was guilty of any crime.

11.     O'Connor was getting paid to assist the Plaintiff during the trial and ......"PROTECT HER". It was the duty of Attorney O'Connor to defend the Plaintiff., to give the Plaintiff technical assistance during the trial, whenever the court was denying her rights.

12.     Attorney O'CONNOR, did not defend the Plaintiff. That instead of his obligation to vigously defend her , to oppose the efforts of the State to convict her, he just stood by, that is not one word during the entire trial came out of his mouth to defend her. He was getting paid, there was a CONTRACT.

13.     The Plaintiff is suing O'Connor for depriving her of his Sixth amendment right to adequate counsel, to redress her grievances. And she was injured, because he was the direct cause of the deprivation of her freedom when he refused to participate

in her defense at the trial.

14. Denial of that right is the result of this lawsuit for ………."MALPRACTICE". For ineffective assistance, which he was obligated under the CONTRACT.

15. He was never involved in the Judicial process, he was NOT acting under color of law, therefore he had

"NO IMMUNITY".

16. There could be no Immunity for his actions because he made no actions. NO ACTIONS made, NO ATTEMPT to ACT.

17. There was a lack of effective representation, which was a violation of the Plaintiff's constitutional right to effective counsel. He did not ACT, therefore it cannot be said he ACTED in good faith or on reasonable grounds for immunity to set in. He did not present a defense. See Wood v. Strickland 420 U.S. 308 (1975). An indigent, deprived of his Sixth Amendment rights to an adequate counsel has ………..effective redress agains him for damages, suffered because of the Plaintiff's deprivation.

18. O'Connor violated the law, his duty, as an advisory counsel to ensure that the Plaintiff got a fair hearing, and to assist her in any obstacles sher was facing. However, O'Connor made NO EFFORT to safeguard her at the trial and to make sure she got a fair trial. He never said a word during trial and did not adv ise the Plaintiff in any way, nor did he defend the Plaintiff when the judge was violating her rights, for instance when the judge told the witness's not to answer her questions, when she had a right to

19. He never spoke a word during trial, did not defend me, while I was being railroaded by the judge, especially when the the judge convicted me of a crime whatever

crime it was when there was NO EVIDENCE by any of the witnesses that I committed any crime. And he did nothing when I was begging the judge to tell me what crime he was convicting me of, and the judge was refusing.

20.     That the supervisor at the dump himself stated that the alleged victim was never standing in the doorway as the alleged victim asserted, and that therefore the Plaintiff never committed an Assault. And the worse part is O'Connor knew from the evidence in the case files, that the police knew all along from a statement from the alleged victim himself that there was NO INJURY, yet I was being prosecuted for committing an injur to the alleged victim. And when I was begging for the judge to address my Motion to Dismiss at the beginning of the trial, which proved there was no injury and I was being accused of causing injury, O'Connor just stood by doing nothing.

21.     Attorney O'Connor was an ineffective assistant. He just watched as the judge was violating my rights under the Due Process Clause of the Fifth Amendment and Fourteenth Amendment, of the United States Constitution, where persons accused of crimes are protected form "CONVICTION" except upon proof beyond a reasonable doubt of every fact necessary to constitute a crime. Under the Sixth Amendment there must be a preponderance of evidence to convict.

22.     There appeared to be a scheme between O'Connor and the judge. with an INTENT to deceive me, and deny me a fair trial. The recording of the trial which is in the court will prove all these facts. As a matter of fact it is beyond any doubt that the judge told O'Connor to show up in court, so that I could not ask for another public defender, as it appears O'Connor in contacting the court against my will, all along was there to please the judge's wishes against me. By not responding. It was a CONSPIRACY.

23.     When the judge allowed O'Connor to serve as a standby counsel O'Connor was then under contract ( the judge made it clear O'Connor would get paid) to make sure I got a fair trial, and his lack of actions on his part was LEGAL MALPRACTICE.

24.     He did not assist me when I was being convicted by the judge without the judge having any evidence that I commited an Assault.

25.     Attorney O'Connor has no immunity, see Ferri v. Ackerman 100 S.Ct. 402, 62 L.Ed.2d 355 (1979).   There is no immunity for court-appointed attorney's.   He WAS "NOT"  ACTING UNDER COLOR OF LAW.

26.     Under 1983 there is no immunity for O'Connor, it is not available under 1983. for a court-appointed attorney's,.............. HE IS NOT ACTING UNDER COLOR OF LAW........ See Imbler v. Pachtman, 424 U.s. 409, 96 S.Ct. 984, 47 L. Ed.2d 128;  Pierson v. Ray  386 U.S. 547, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967).

27.     The trial was held in 2020 and the Plaintiff has 3 years to file a lawsuit.

28.     I am convinced that if O'Connor objected during the trial the judge would have had to find the Plaintiff innocent.  Such as the judge had the duty to dismiss the case, after the Plaintiff filed a MOTION TO DISMISS and that the judge would have to explain why he was convicting the Plaintiff.  And besides the judge was refusing to let the Plaintiff question the witnesses of the state, of which she had a legal right to do so. And the judge was not allowing the witnesses to answer her questions which appealed to her claims of innocense.

29.     The Sixth Amendment guarantee's  the right to the reasonably effective assistance of counsel in criminal prosecutions.  McMann v. Richardson, 397 U.S. 759,  771 n. 14 (1970). That counsel fell below an objective standard of reasonableness and there is reasonable probability that, but for counsel's  unprofessionalness the

results of the proceeding, would have been different. Strickland v. Washington, 466 U.S. 668, 687 (1984). That the challenged conduct constituted deficient performance.

30. In the Plaintiff's view, trial counsel could have had no reasonable strategic motivation for failing to object to Judge Greenhalgn's errors.

31. Therefore I am asking for damages for serious mental angusih due to his negligence, breach of contract to safeguard me to a fair trial, which was his duty. When he did not give me an acceptable standard of care at the trial and I suffered injury to my name, and was convicted for a crime he knew I never committed, based on the lack of evidence at the trial, and when I was wrongly convicted by the judge.

32. That his lack of duty was the causal connection that caused me harm which harm was forseeble to O'Connor, when he did not protect me, as was his duty under the law.

33. That the Plaintiff is asking for a jury trial of her peers, who will determine the amount of damages O'Connor has to pay the Plaintiff Josephine Amatucci.

34. For violating my Constitutional rights, for not protecting me by allowing the judge to convict me, without protesting, when there was no "PROBABLE CAUSE" NO " PROBABLE CAUSE " for me to be convicted of any crime, no evidence at the trial of a crime being made, and therefore O'Connor is liable for the mental anguish I suffered. Of an elderly person 80 years old.

35. No Transcript is being submitted, because Transcripts are unlawfully doctored, however, the court and the Plaintiff has a recording of the trial and therefore any denials by O'Connor, of the above facts, can be verified by the recording of the trial. Which can prove any contradiction by O'Connor.

Respectfully,

Josephine Amatucci

August 18, 2022

c. Attorney O'CONNOR

*Josephine Amatucci*