UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

Josephine Amatucci

    v.                                            Case No. 22-cv-339-JL-AJ

Public Defender Dennis O'Connor, PLLC[1];
and Belknap County

**REPORT AND RECOMMENDATION**

Plaintiff Josephine Amatucci has filed a complaint (Doc. No. 1/#5394[2]) and complaint addendum (Doc. No. 3/#5851) asserting that the defendants violated her rights under the United States Constitution and state law. The matter is before the Court for preliminary review pursuant to 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2). Also before the Court are Mrs. Amatucci's motions seeking judgment as a matter of law, an evidentiary hearing, and/or speedy trial. See Doc. Nos. 4/#8009, 5/#8009, 8/#8044, 9/#8177.

---

[1] In the caption of the complaint (Doc. No. 1) in this case, Plaintiff Josephine Amatucci identifies the defendant as "Public Defender Dennis P. O'Connor, PLLC." In a motion filed later (Doc. No. 9), Mrs. Amatucci clarifies that Attorney O'Connor is not a public defender, but a private attorney. The Court addresses the discrepancy in the body of this Report and Recommendation but has not altered the case caption.

[2] As a courtesy to Mrs. Amatucci, the Court includes the four-digit number she has given to her filings along with the docket number the Court has assigned to her filings.

**Standard of Review**

In conducting preliminary review of a pro se complaint under 28 U.S.C. § 1915(e)(2) and LR 4.3(d)(2), the court determines whether, stripped of legal conclusions, and with all reasonable inferences construed in plaintiff's favor, the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief'" upon which relief can be granted. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). In determining whether a pro se pleading states a claim, the court construes the pleading liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). The court may dismiss claims asserted in a complaint filed by a pro se plaintiff if the court lacks subject matter jurisdiction, a defendant is immune from the relief sought, the complaint fails to state a claim, or the action is frivolous or malicious. See 28 U.S.C. § 1915A(b); LR 4.3(d)(1)(A).

**Background, Claims, and Procedural History**

This action relates to Attorney Dennis P. O'Connor's representation of Mrs. Amatucci in a criminal prosecution in state court in November 2019. Mrs. Amatucci asserts a number of claims under federal and state law against Attorney O'Connor including: legal malpractice, negligence, breach of contract,

fraud, defamation, a violation of her Sixth Amendment right to the effective assistance of counsel, and a violation of her Fourteenth Amendment right to due process.  Mrs. Amatucci also identifies Belknap County as a defendant to this action, alleging that, under Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978), Belknap County is liable for Attorney O'Connor's alleged malfeasance and misconduct which form the basis of the claims asserted against him.

Mrs. Amatucci has previously filed a lawsuit in this Court naming Attorney O'Connor as a defendant, alleging the same facts and asserting the same claims as those alleged and asserted against him here.  See Amatucci v. O'Connor, No. 22-cv-273-JL (D.N.H.) ("Case 22-273").  In Case 22-273, the Court dismissed the federal constitutional claims asserted in that matter on the basis that Attorney O'Connor, as a private individual who is not acting under color of state law, was not liable to Mrs. Amatucci for alleged violations of her federal constitutional rights. See Case 22-273, Aug. 9, 2022 Order (ECF No. 6) (approving July 27, 2022 R&R (ECF No. 3)).  Having dismissed the federal claims in Case 22-273, the Court declined to exercise jurisdiction over the state law claims in that matter and dismissed those claims without prejudice to Mrs. Amatucci's ability to assert them in a lawsuit brought in state court.  See id.

Mrs. Amatucci did not appeal Case 22-273 to the First

3

Circuit.  Further, her post-judgment filings in that case have been denied.  See Case 22-273, Aug. 9, 2023 Order.

## Discussion

I.  Claim Preclusion/Res Judicata

"Under the federal law of claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action.'"  Hatch v. Trail King Indus., Inc., 699 F.3d 38, 45 (1st Cir. 2012) (citation omitted).  "'The three elements of claim preclusion are (1) a final judgment on the merits in an earlier proceeding, (2) sufficient identicality between the causes of action asserted in the earlier and later suits, and (3) sufficient identicality between the parties in the two actions.'" Id. (citation omitted).

    A.  Attorney O'Connor

Mrs. Amatucci's claims against Attorney O'Connor in this case meet each element of res judicata, with respect to the parties, causes of action, and judgments in Case 22-273.  She is thus barred from litigating any of the claims asserted in this case against Attorney O'Connor.  Accordingly, the District Judge should dismiss the claims asserted in this case against Attorney O'Connor.

4

B.  Belknap County

In this case (although not in Case 22-273), Mrs. Amatucci also identified Belknap County as a defendant, asserting that Belknap County is liable, under Monell, for Attorney O'Connor's alleged conduct which underlies Mrs. Amatucci's claims in this case.  A Monell claim, however, only provides for municipal liability for conduct engaged in by employees of the defendant municipality.  See Monell, 436 U.S. at 694.  As Mrs. Amatucci has emphasized in her filings, Attorney O'Connor is a private attorney.  He is not a Belknap County agent or employee, and therefore Belknap County cannot be subject to liability under Monell for any action Attorney O'Connor took with respect to his representation of Mrs. Amatucci.  Accordingly, the District Judge should dismiss the claims Mrs. Amatucci has asserted in this case against Belknap County.

Moreover, even if Attorney O'Connor were a Belknap County employee, the claims asserted against the County in this action would be subject to dismissal.  That is so because, if Attorney O'Connor were a Belknap County employee at the time he represented Mrs. Amatucci, then Belknap County would have been in privity with Attorney O'Connor for purposes of determining whether her claims against the County are now precluded.  As stated above, a plaintiff is precluded from bringing a claim in

5

a second action which could have been brought against a party or a party's privies in a prior action. Accordingly, if Attorney O'Connor were a Belknap County employee, the claims asserted against Belknap County in this case would be subject to dismissal on the basis of res judicata.

II.  Pending Motions

Mrs. Amatucci has filed four motions (Doc. Nos. 4, 5, 8, 9) for summary judgment, judgment as a matter of law, an evidentiary hearing, and/or a speedy trial in this case. Because the District Judge should dismiss all of the claims asserted in this action, the District Judge should also deny the pending motions, which seek relief related to those claims, as nonmeritorious.

## Conclusion

For the foregoing reasons, the District Judge should dismiss the complaint (Doc. Nos. 1, 3) in this action in its entirety and should deny the pending motions (Doc. Nos. 4, 5, 8, 9) in this matter. Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. Fed. R. Civ. P. 72(b)(2). The fourteen-day period may be extended upon motion. Failure to file any objection within the specified time waives the right to appeal the

district court's Order.  See Santos-Santos v. Torres-Centeno, 842 F.3d 163, 168 (1st Cir. 2016).

Only those issues raised in the objection(s) to this Report and Recommendation "'are subject to review in the district court.'"  Id.  Additionally, any issues "'not preserved by such objection are precluded on appeal.'"  Id. (citations omitted).

_____
Andrea K. Johnstone
United States Magistrate Judge

August 17, 2023

cc:  Josephine Amatucci, pro se